IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY WOMACK,

        **Petitioner,**

v.

        Case No. 3:22-CV-02148-NJR

DAN SPROUL, Warden USP Marion,

        **Respondent.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Stay filed by Respondent Dan Sproul (Doc. 14). For the reasons set forth below, the Court grants the motion.

### FACTUAL & PROCEDURAL BACKGROUND

Petitioner Anthony Womack filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his Petition, Womack primarily argues that the Supreme Court's decision in *Mathis v. United States,* 579 U.S. 500 (2016), and the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), invalidate his prior drug convictions which qualified as predicate felony offenses during his sentencing leading to statutory sentence enhancements under 21 U.S.C. § 841(b)(1)(C). Pursuant to Section 2255(e), sometimes called the "savings clause," Womack aims to attack his sentence under Section 2241 where a Section 2255 petition would be inadequate or ineffective.

After Womack's Petition survived preliminary review, Respondent filed the present motion to stay the proceedings in anticipation of a decision by the Supreme Court

in *Jones v. Hendrix*, 21-857. The Supreme Court heard oral arguments in *Jones* on November 1, 2022, but a final decision has not been released. In *Jones*, the Supreme Court will resolve a current circuit split regarding whether federal inmates who did not challenge their convictions (because established circuit precedent stood against them) on the ground that the statute of conviction did not criminalize their activity may apply for habeas relief under Section 2241 after a retroactively applicable Supreme Court decision makes clear that the circuit precedent was incorrect and such inmates are legally innocent of the crime of conviction.[1] Both parties indicate that the outcome of *Jones* may govern whether Womack is entitled to relief, and thus, they agree that a stay of these proceedings is warranted.

## ANALYSIS

District courts have broad discretion to control their own dockets and may stay proceedings to avoid unnecessary litigation. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). Considering whether to stay an action "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). In analyzing a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of

---

[1] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-857.html (last visited May 9, 2023).

litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, No. 20 CV 04241, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020).

Here, Womack does not oppose the Motion to Stay, so the Court can conclude that a stay will not be unduly prejudicial to him. Because the outcome of the Supreme Court's decision in *Jones* will likely impact the relief available to Womack, the Court finds a stay will simplify the issues and streamline resolution of this habeas action. Moreover, a stay in this case will likely reduce the burden of litigation on the parties and the Court because the need for additional amended Petitions and responses in light of the outcome in *Jones* will be avoided. The Court finds that a stay is appropriate at this time.

## CONCLUSION

Accordingly, the Court **GRANTS** Respondent's Motion to Stay (Doc. 14). This case is **STAYED** pending a Supreme Court decision in *Jones v. Hendrix*, 21-857. Once the Supreme Court issues an opinion in that case, the Court will allow Petitioner **30 days** to file an Amended Petition. After an Amended Petition is filed, the Respondent shall have **30 days** to answer or otherwise respond. From there, Petitioner will have **14 days** to submit a reply if necessary.

**IT IS SO ORDERED.**

DATED:   May 9, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**