IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY WOMACK,

    Petitioner,

v.                                          Case No. 3:22-CV-02148-NJR

DAN SPROUL, Warden USP Marion,

    Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Anthony Womack filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In his Petition, Womack primarily argues that the Supreme Court's decision in *Mathis v. United States,* 579 U.S. 500 (2016), and the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), invalidate his prior drug convictions which qualified as predicate felony offenses during his sentencing leading to statutory sentence enhancements under 21 U.S.C. § 841(b)(1)(C). Pursuant to Section 2255(e), sometimes called the "savings clause," Womack aims to attack his sentence under Section 2241 where a Section 2255 petition would be inadequate or ineffective.

    After Womack's Petition survived preliminary review, Respondent filed a motion to stay the proceedings in anticipation of a decision by the Supreme Court in *Jones v. Hendrix*. This Court granted that motion. (Doc. 17). In *Jones,* the Supreme Court took up a circuit split regarding whether federal inmates who did not challenge their convictions (because established circuit precedent stood against them) on the ground that the statute of conviction did not criminalize their activity may apply for habeas relief under Section 2241 after a

retroactively applicable Supreme Court decision makes clear that the circuit precedent was incorrect and such inmates are legally innocent of the crime of conviction. The Supreme Court rendered a decision in June 2023 holding that the limitation on second or successive motions does not make § 2255 inadequate or ineffective such that the prisoner may proceed with a statutory claim under § 2241. *See Jones v. Hendrix*, 599 U.S. 465, 470 (2023). Put another way, the Supreme Court held that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471.

Pursuant to this decision, Respondent filed a Motion to Lift the Stay and Dismiss the Petition. (Doc. 18). Respondent argues that as Womack has previously sought collateral relief under § 2255, and his current Petition under §§ 2255(e) and 2241 raises precisely the type of successive statutory claim that *Jones* prohibits. Womack, who is represented by the Office of the Federal Public Defender, concedes that *Jones* appears to foreclose his claim under the savings clause.

As such, the Court **LIFTS** the current stay and **DISMISSES** the Petition under the Supreme Court's recent decision in *Jones*, and the subsequent holdings of the Seventh Circuit in *Hogsett v. Lillard*, 72 F.4th 819 (7th Cir. 2023), *Sanders v. M. Joseph*, 72 F.4th 822 (7th Cir. 2023), and *Horton v. Lovett*, 72 F.4th 825 (7th Cir. 2023). The Clerk of Court is **DIRECTED** to enter judgment and close this case.

    IT IS SO ORDERED.

    DATED: February 13, 2024

    **NANCY J. ROSENSTENGEL**
    Chief U.S. District Judge